No. 3613

Second Circuit

WROTEN v. WOODLEY PETROLEUM CO.

(November 18, 1929. Opinion and Decree.)
(December 31, 1929. Rehearing Refused.)

Julius T. Long, of Shreveport, attorney for plaintiff, appellee.

John B. Files of Shreveport, attorney for defendant, appellant.

WEBB, J. In this action plaintiff obtained judgment against defendant for compensation for disability alleged to have resulted from injuries sustained by plaintiff on June 18, 1928, while engaged in his employment by defendant; the award being made on the basis of permanent total disability to do work of any reasonable character (par. (b), subsection 1, section 8, Act No. 20 of 1914, as amended by Act No. 85 of 1926), and defendant appeals.

It is conceded that plaintiff sustained an accidental injury on the date alleged which disabled him, and that defendant was liable for compensation resulting from the injury, and it is conceded that defendant paid compensation for the period from the date of the accident to August 1st, 1928, for the judgment allowed credit, and appellant urges that the evidence failed to establish that any dis-

ability resulted from the accident after August 1st.

The evidence established that plaintiff, who was thirty-five years of age, about six feet in height and weighing about two hundred pounds, was working near the top of a cylinder shaped oil tank, which was twenty-four feet high, and that he tripped and fell a distance of about eight feet to an angle bar or iron bracket, which was about two and one-half inches wide and four feet long, which projected from the walls of the tank; that his body landed on and across the bracket, from which he was removed by some of his fellow workmen, and carried to his home where he was attended by a physician.

It is conceded that the fall produced immediate disability, and plaintiff testified that as he fell he caught the bracket with his right hand, but that his right side struck the bracket at about the eleventh or twelfth rib, bruising his side, back and right shoulder, and that he had since the accident suffered with constant pain in his shoulder, side and back, and had been unable since the date of the accident to work, and that prior to the accident he had been in good health.

The evidence shows that on or about September 10, 1928, plaintiff's body was stooped or bent to the right, with his left shoulder several inches higher than the right, and that he complained of pain in his side, shoulder, and back, and the same condition was shown to have continued and existed on the date of the trial in January, 1929, and we think the evidence establishes that the condition was sufficient to have totally disabled plaintiff to do work of any reasonable character, and appellant does not suggest that he was not,

but it is contended that the evidence does not show any connection between the condition and the accident.

Appellant urges that the evidence shows the condition was due solely to a disease, arthritis, and, while it is apparently conceded that, if the evidence shows that the accident was the direct cause of the disease, or that the disease existed at the time of the accident and had been accelerated or aggravated by the accident, defendant would be liable, it is contended that the evidence did not show that plaintiff had sustained any specific injury, such as a fracture of the bones, or wound of other tissues of the body, which would have tended to cause the disease, or that the defendant was already affected with the disease, which was accelerated or aggravated by the accident.

There were a number of physicians called by the parties, and, while it appears that the weight of opinion was that the plaintiff had arthritis in September, 1928, and that such disease would cause the condition existing at that time, all of the physicians stated that the disease could be caused by trauma, or wounds of the tissues of the body, such as fracture of the bones, or bruises, and, although it was not shown that plaintiff had the disease prior to the accident or that there was any source of infection existing at the time of the accident, yet plaintiff testified that his body had been bruised at the time of the accident, and, conceding that the condition existing in September was caused by arthritis, the evidence shows that the bruises sustained by plaintiff could have caused the disease.

It is conceded that plaintiff was immediately disabled by the accident, for which he was treated by a physician for several

weeks, and while it was said in argument that the physician (who was not called) had reported that the plaintiff was able to resume work, plaintiff testified that he had suffered with continuous pain since the accident, which disabled him, and that the physician who attended him had discontinued his services for the reason that he could not do anything further for him, and not for the reason that plaintiff had recovered. And accepting the statement of plaintiff as correct, which the court is bound to do in the absence of any evidence in conflict with his testimony, the situation presented is that plaintiff was well and in good health before the accident, which immediately disabled him, and that he had been in constant pain since that time and unable to work. We think the conclusion should be that the pain and disability were the result of the blow sustained at the time of the accident, which it must be admitted was of such nature as to have caused the result.

And, even though it be conceded that plaintiff had arthritis in September, and that the condition existing at that time could be attributed to the disease, we do not think the conclusion would be affected, especially in view of the evidence that plaintiff sustained bruises of the body at the time of the accident which could have caused the disease.

We realize that the mere fact that a workman has sustained an injury which produces immediate disability is found some time after the accident to be afflicted with a disease, which may have resulted from the accident, does not raise any presumption that the accident caused the disease; however, when, in addition to the circumstances stated, it is shown that the workman was in good health prior to the accident without any symptoms of the dis-

ease, and that he was immediately disabled by the accident in which he sustained wounds which could have caused the disease, and that the illness or pain immediately following the accident had been continuous, we think the presumption should be that the accident caused the disease, and that the workman is entitled to compensation for the resulting disability.

The judgment is affirmed.